# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE, | 1:07-CV-0432 AWI JMD HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| M.C. KRAMER et al., | ORDER DIRECTING CLERK OF COURT TO TERMINATE RESPONDENT |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Los Angeles County Superior Court. He is serving a sentence of ten years following his conviction for various narcotics and weapons charges. Petitioner does not challenge the validity of his conviction, but instead challenges disciplinary action taken against him in 2005 at North Kern State Prison. (Answer at 2; Ex. A.)

On February 8, 2005, an incident occurred which resulted in Petitioner being charged with participation in a riot. (Answer at 2.) On March 2, 2005, a hearing was conducted to adjudicate the charge against him. Petitioner was found guilty. (Id.)

Petitioner filed an administrative appeal challenging the result of the hearing. The

1  administrative appeal was denied at the Director's Level.  (Answer at 2; Ex. C.)

2      Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court.  The
3  court denied the petition because of improper service.  (Answer at 2; Ex. D.)

4      Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  The
5  court summarily denied the petition.  (Answer at 3; Ex. E.)

6      Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The
7  court summarily denied the petition.  (Answer at 3; Ex. F.)

8      On December 21, 2006, Petitioner filed the instant petition in this Court.  The petition raises
9  the following two grounds for relief: 1) Petitioner's due process rights were violated when he was
10  not permitted to call witnesses and present evidence at the prison disciplinary hearing; and 2)
11  Petitioner's due process rights were violated when prison officials failed to appoint a staff
12  representative to assist Petitioner at the prison disciplinary hearing.

13      On August 15, 2007, Respondents filed an answer to the petition.

14      On August 31, 2007, Petitioner filed a traverse to the answer.

15                              **FACTUAL BACKGROUND**

16      On February 8, 2005, an incident occurred which resulted in Petitioner being charged with
17  participation in a riot.  (Answer at 2.)  The Rules Violation Report prepared after the incident stated
18  that approximately ten to twenty Hispanic inmates began attacking Inmate Richardson, an African-
19  American, near the north basketball court on the Facility B exercise yard.  (Answer, Ex. B at 1.)
20  While correctional officers attempted to break up the altercation, a large group of African-American
21  inmates, who were lying in the prone position near the south basketball court, got up and began
22  yelling at the Hispanic inmates who were attacking Inmate Richardson.  (Id. at 2.)  One of the
23  African-American inmates yelled, "Come on let's get em!," and the group, numbering approximately
24  forty, began moving toward the north basketball court where the assault of inmate Richardson was
25  taking place.  (Id.)  As the group of African-American inmates approached the north basketball court,
26  a large number of Hispanic and Caucasian inmates, who had been lying prone near the area of the
27  assault, got up and formed a group.  (Id.)  The two groups of inmates began fighting.  (Id. at 3.)
28  Eventually, correctional officers were able to disperse the groups, with the African-American

inmates returning to the south basketball court and the Hispanic and Caucasian inmates returning to the north basketball court.  (Id.)

## DISCUSSION

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, at the time of the incident, Petitioner was confined at North Kern State Prison, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II.  Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme*,* 200 F.3d 597, 600-01 (9th Cir.

1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

    **A.  Grounds One and Two**

Petitioner argues that his due process rights were violated when he was not permitted to call witnesses or present evidence at his prison disciplinary hearing. Petitioner further argues that his due process rights were violated when prison officials failed to appoint a staff representative to assist him in preparing for the disciplinary hearing.

These claims were presented in a petition for writ of habeas corpus to the Kern County Superior Court, which denied the petition because of improper service. (Answer, Ex. D.) The issues were then raised in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions. (Answer, Exs. E-F.) When the state courts reach a decision on the merits but provide no reasoning to support their conclusion, we independently review the record to determine whether the state courts clearly erred in their application of Supreme Court law. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). However, although we independently review the record, we still defer to the state courts' ultimate decision. Id.

When an inmate is subjected to the loss of credits in connection with a disciplinary action, due process requires that the inmate receive advance notice of the charges, a written statement of the reasons supporting the disciplinary action, and a written statement of the evidence relied on in reaching the decision. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). An inmate facing disciplinary proceedings also has a limited right to call witnesses and present documentary evidence in his defense and the right to obtain aid in the presentation of his case where he is illiterate or where the complexity of the issues involved makes it unlikely that he will be able to collect and present the necessary evidence. Id. at 566, 570. In addition, a disciplinary conviction resulting in the loss of

good time credits must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 457 (1985).

The state courts did not clearly err in their application of Supreme Court law. Petitioner acknowledged that he received advance notice of the disciplinary hearing, and he received a written statement of the reasons supporting the disciplinary decision and the evidence relied on in reaching it. (See Petition, Exs. A-B.) There is also some evidence supporting the finding that Petitioner was guilty of the charged offense, as he was identified as one of the African-American inmates that advanced toward and fought with the Hispanic inmates while being instructed by correctional staff to get into the prone position. (Petition, Ex. A at 4.)

Petitioner's claim that he was improperly denied the opportunity to call certain witnesses at his disciplinary hearing is contradicted by the record, which shows that Petitioner did not make a request to call witnesses. (Petition, Ex. B at 1.) In any case, Petitioner has not shown prejudice resulting from the failure to call his potential witnesses, or the failure to consider his witness list, as he has not shown what the witnesses' testimony would have been or that it would have been sufficient to rebut the eyewitness account of correctional staff. See Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007) (stating that errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003).

Petitioner has also not shown that it was necessary for prison officials to appoint a staff assistant or investigative employee to his case. There is no evidence that Petitioner is illiterate or otherwise had any difficulty understanding the nature of the proceedings. (See Petition, Ex. B at 1.) Further, the issue being adjudicated was not so complex that it was unlikely Petitioner would be able to collect and present necessary evidence, as the only question was whether Petitioner was in the group of individuals who approached the north basketball court and fought during the riot.

## IV. Proper Respondent

Respondents state that only M.C. Kramer is a proper respondent in this matter and that the Attorney General of California should therefore be terminated as a respondent. (Answer at 1 n.1.) Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Clerk will be directed to terminate

the Attorney General for the State of California as a respondent in this matter.  See <u>Brittingham v. U.S.</u>, 982 F.2d 378, 379 (9th Cir. 1992).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**ORDER**

The Court HEREBY ORDERS that the Clerk of Court is DIRECTED to terminate the Attorney General for the State of California as a respondent in this matter.

<u>IT IS SO ORDERED.</u>

**Dated:      October 7, 2008                    /s/ John M. Dixon**
9f4gk8                      UNITED STATES MAGISTRATE JUDGE