UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE LEE, | ) | 1:07-CV-0432 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| v. | ) | [Doc. #23] |
| | ) | |
| | ) | |
| M.C. KRAMER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 7, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice and that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. More than thirty days passed and no objections were filed.

This Court conducted a *de novo* review of Petitioner's case and denied the petition and adopted the Magistrate Judge's Findings and Recommendation on December 12, 2008.

On January 5, 2009, Petitioner filed objections to the Court's December 12, 2008, order. The Court notes that the points raised by the objections were not meritorious.

On May 4, 2009, Petitioner filed a motion for reconsideration, citing to Rule 7 of the Federal Rules of Civil Procedure. Petitioner further claims that "the facts or law that the parties presented

the Court are significantly different from the actual facts and law, and Petitioner, who is requesting permission to file a motion for motion [sic] for consideration, could not reasonably have known the true facts of [sic] law before the Court entered the orders." (Court Doc. 18 at 1-2).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*.

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc)*. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*.

In the present case, the Court finds that the above standard has not been met. Petitioner's claims of different facts and/or law are conclusory as Petitioner fails to provide an explanation as to what facts and/or law are different from those presented to the Court. As such, they do not constitute extraordinary circumstances. Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   May 25, 2009**                                     /s/ Anthony W. Ishii
                                                         CHIEF UNITED STATES DISTRICT JUDGE